UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 10950 RWZ

| | |
|---|---|
| INDEPENDENT DISPATCH, INC ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| ) MAGISTRATE JUDGE_____ | |
| vs. ) | |
| ) | RECEIPT # 64096 |
| F. C. Meyers Packaging, LLC ) | AMOUNT $ 50 |
| ) | SUMMONS ISSUED Yes |
| Defendants. ) | LOCAL RULE 4.1____ |
| | WAIVER FORM ____ |
| | MCF ISSUED____ |
| | BY DPTY. CLK.____ |
| | DATE 5/9/05 |

Plaintiff, Independant Dispatch, Inc. as follows:

## INTRODUCTION

1.  This is an action to recover $28,486.60 in freight charges, for interstate transportation services provided at the request of and to the benefit of Defendant.

## PARTIES

2.  Plaintiff, Independant Dispatch, Inc. (hereinafter "IDI") is a Oregon corporation with a principal place of business at 214 N.E Middlefield Road, Portland, Oregon. IDI is a freight forwarder and intermodal sales agent on the shipments at issue.

3.  On information and belief, F.C. Meyers Packaging, LLC is a corporation with its headquarters in Lawrence, Massachusetts.

## JURISDICTION

4.  The Court has subject matter jurisdiction under 28 USC §1337 as the claim arises out of Defendant's failure to pay rail and motor carrier freight charges for interstate transportation in violation of 49 U.S.C. §§10743 and 13706.

5.  The Court has personal jurisdiction as Defendant has its headquarters in this judicial

district.

## STATEMENT OF FACTS

6. In July 2004, IDI provided a rate proposal to defendant. The rate proposal states that the rates are good through September 1, 2004.

7. The rates contained a 7 % fuel surcharge.

8. Defendant tendered a series of shipments to IDI.

9. IDI submitted its freight bills to defendant, and defendant paid the bills.

10. Prior to November 2004, IDI provided a new rate proposal to defendant. The rate proposal states that these rates do not contain the fuel surcharge.

11. Because of the escalating fuel costs, the fuel surcharge was to be billed as a separate line item.

12. After receipt of the November Rate Proposal, Defendant continued tendering shipments to IDI..

13. IDI submitted its freight bills to defendant, but in November and December 2004, defendant failed and refused to pay the freight charges, though it continued to tender shipments to IDI.

14. The unpaid freight and accessorial charges are 28,485.60.

15. IDI has paid the underlying rail carriers and motor carriers on each of the shipments at issue.

16. In January 2005, IDI refused to provide further service, and demanded payment of the outstanding charges.

17. Despite repeated demand upon defendant and its attorney including attempts to settle the matter, defendant continues to refuse to pay the outstanding charges.

18. In addition to the freight and other transportation charges, IDI has incurred significant attorney fees and administrative costs in attempting to resolve this matter without resort to litigation.

## COUNT I - VIOLATION OF 49 U.S.C. §§ 10743 AND 13706

19. IDI repeats and realleges paragraphs 1 through 18 as if set forth fully herein.

20. Defendant was the shipper and beneficial owner of each of the shipments at issues.

21. Under 49 U.S.C. §10743 and §13706 Defendant has a statutory obligation to pay the carriers for the transportation services provided.

22. IDI is a carrier as defined at 49 U.S.C. 13102.

23. IDI also stands in the shoes of the underlying carriers having paid each of the motor and rail carriers that performed the physical transportation of the shipments at issue. Plaintiff is the subrogee of these carriers and possesses all of the contractual and statutory rights of the carriers in regard to the collection of their freight, accessorial and detention charges.

24. As a freight forwarder, IDI is the receiving carrier and has a statutory right to payment of the freight charges from Defendant. IDI may also assert the rights of the underlying rail and motor carriers, having paid those carriers in full.

25. As a result of defendants violation of the statutes, IDI has been damaged in the amount of $28,486.60 freight, accessorial and detention charges, plus interest, attorney fees and costs.

## COUNT II - BREACH OF CONTRACT

26. IDI repeats and realleges paragraphs 1 through 25 as if set forth fully herein.

27. Defendant contracted with IDI to perform transportation services on a number

of shipments.

28. IDI specified the transportation charges, and later the accessorial and detention charges, for each of the shipments. Defendant authorized IDI to proceed and agreed to pay the charges.

29. IDI performed its duties by providing for the interstate, intermodal movement of the shipments.

30. Each of the shipments was delivered in good condition to the consignee.

31. IDI paid the underlying motor and rail carriers their charges for the shipments at issue.

32. IDI invoiced Defendant for the freight charges, but Defendant failed and refused to pay IDI..

33. Defendant breached the agreement whereby IDI would provide for the interstate, intermodal shipment of defendant's goods, at defendant's direction and request, and defendant would pay IDI the agreed transportation rates, plus accessorial and detention charges.

34. As a result of defendant's breach of the contract, IDI has been damaged in the amount of $28,486.60 freight, accessorial and detention charges.

35. Plaintiff is also entitled to interest, attorney fees and costs.

### COUNT III - OPEN BOOK ACCOUNT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as if set forth fully herein.

37. Defendant owes IDI $28,486.60 according to the account hereto annexed as Exhibit A.

### COUNT IV - QUANTUM MERUIT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as if set forth fully herein.

39. Defendant benefitted from IDI's work in providing for the interstate, intermodal transportation of its goods, and received the benefit of having its goods transported from origin to destination by the motor and rail carriers IDI provided and paid for.

40. Though Defendant received and accepted the benefit of the transportation services, it has failed and refused to pay IDI for its services or the services of the underlying carriers.

41. The reasonable value of the services provided to Defendant was $28,486.60

42. In addition, IDI has incurred significant fees and costs attempting to resolve this matter without resort to litigation.

WHEREFORE, Plaintiff prays for the following relief:

1. That the Plaintiff have and recover of the Defendants the sum of $28,486.60 plus interest from the date such freight charges became due;

2. That the Plaintiff have and recover its reasonable attorney fees from Defendant;

3. That the costs of this action be taxed to the Defendant;

4. And for all such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Liese J. Howarth
Liese Gallagher Howarth
BBO # 637101
GALLAGHER & HOWARTH, P.C.
68 Bridge Street, Suite 207
Suffield, CT 06078
(860) 254-5434
(860) 254-5430 Facsimile

Date: April 28, 2005

**Aged Accounts Receivable**  
Independent Dispatch, Inc.

February 1, 2005  1:14 PM  
Page  1  
MS

(Detail, aged as of February 1, 2005)  
Aged by transaction date.  
Customer: No.: 5566

| No. | Name | | Document | | | Aged Customer Balances | | | Doc. |
|---|---|---|---|---|---|---|---|---|---|
| Trx Date | Description | Typ | Number | Balance Due | Current | 31 - 60 Days | 61 - 90 Days | Over 90 Days | Curr. |
| 5566 | FC Meyer Packaging | | Phone | 724-523-5565 | Contact | Chuck Steinbrecher | | | |
| *** Over Limit *** | | | | | | | | | |
| 11/18/04 | Order 651878 | Inv | 248739 | 1,943.00 | 0.00 | 0.00 | 1,943.00 | 0.00 | |
| 11/18/04 | Order 652039 | Inv | 248886 | 2,162.00 | 0.00 | 0.00 | 2,162.00 | 0.00 | |
| 11/19/04 | Order 654202 | Inv | 249032 | 2,584.00 | 0.00 | 0.00 | 2,584.00 | 0.00 | |
| 11/19/04 | Order 654203 | Inv | 249033 | 2,379.00 | 0.00 | 0.00 | 2,379.00 | 0.00 | |
| 11/22/04 | Order 654216 | Inv | 249173 | 2,297.00 | 0.00 | 0.00 | 2,297.00 | 0.00 | |
| 11/23/04 | Order 654403 | Inv | 249333 | 2,583.00 | 0.00 | 0.00 | 2,583.00 | 0.00 | |
| 11/23/04 | Order 654431 | Inv | 249336 | 2,377.00 | 0.00 | 0.00 | 2,377.00 | 0.00 | |
| 11/23/04 | Order 654433 | Inv | 249338 | 2,583.00 | 0.00 | 0.00 | 2,583.00 | 0.00 | |
| 11/23/04 | Order 654434 | Inv | 249339 | 2,583.00 | 0.00 | 0.00 | 2,583.00 | 0.00 | |
| 11/26/04 | Order 654429 | Inv | 249579 | 2,440.00 | 0.00 | 0.00 | 2,440.00 | 0.00 | |
| 12/15/04 | Order 656045 | Inv | 251212 | 2,037.00 | 0.00 | 2,037.00 | 0.00 | 0.00 | |
| 12/30/04 | Order 654428 | Inv | 252247 | 365.00 | 0.00 | 365.00 | 0.00 | 0.00 | |
| 12/30/04 | Order 654435 | Inv | 252248 | 350.00 | 0.00 | 350.00 | 0.00 | 0.00 | |
| 12/30/04 | Order 654432 | Inv | 252249 | 365.00 | 0.00 | 365.00 | 0.00 | 0.00 | |
| 12/30/04 | Order 654430 | Inv | 252250 | 512.00 | 0.00 | 512.00 | 0.00 | 0.00 | |
| 5566 | Total Amount Due | | | 27,560.00 | 0.00 | 3,629.00 | 23,931.00 | 0.00 | |
| | | | Credit Limit: | 1 | 0.00% | 13.17% | 86.83% | 0.00% | |
| | Report Total Amount Due(LCY) | | | 27,560.00 | 0.00 | 3,629.00 | 23,931.00 | 0.00 | |
| | | | | | 0.00% | 13.17% | 86.83% | 0.00% | |

**Aged Accounts Receivable**  January 31, 2005  1:36 PM
Independent Dispatch, Inc.  Page 1
MS

(Detail, aged as of January 31, 2005)
Aged by transaction date.
Customer: No.: 5566

| No. | Name | ........Document........ | | | ................................ Aged Customer Balances ................................ | | | | Doc. |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Trx Date | Description | Typ | Number | Balance Due | Current | 31 - 60 Days | 61 - 90 Days | Over 90 Days | Curr. |
| 5566 | FC Meyer Packaging | Phone | 724-523-5565 | | Contact | Chuck | | | |
| *** Over Limit *** | | | | | | | | | |
| 10/05/04 | Order 646210A | Inv | 9539 | 105.00 | 0.00 | 0.00 | 0.00 | 105.00 | |
| 12/17/04 | Order 653542A | Inv | 10081 | 100.00 | 0.00 | 100.00 | 0.00 | 0.00 | |
| 12/17/04 | Order 654434A | Inv | 10082 | 45.00 | 0.00 | 45.00 | 0.00 | 0.00 | |
| 12/17/04 | Order 653537A | Inv | 10083 | 187.50 | 0.00 | 187.50 | 0.00 | 0.00 | |
| 12/17/04 | Order 653539A | Inv | 10084 | 125.00 | 0.00 | 125.00 | 0.00 | 0.00 | |
| 12/17/04 | Order 653569A | Inv | 10085 | 75.00 | 0.00 | 75.00 | 0.00 | 0.00 | |
| 12/17/04 | Order 654151A | Inv | 10086 | 25.00 | 0.00 | 25.00 | 0.00 | 0.00 | |
| 12/17/04 | Order 653589A | Inv | 10087 | 64.00 | 0.00 | 64.00 | 0.00 | 0.00 | |
| 12/17/04 | Order 654152A | Inv | 10088 | 25.00 | 0.00 | 25.00 | 0.00 | 0.00 | |
| 12/17/04 | Order 654154A | Inv | 10089 | 25.00 | 0.00 | 25.00 | 0.00 | 0.00 | |
| 12/17/04 | Order 654196A | Inv | 10090 | 50.00 | 0.00 | 50.00 | 0.00 | 0.00 | |
| 12/17/04 | Order 654215A | Inv | 10091 | 100.00 | 0.00 | 100.00 | 0.00 | 0.00 | |
| 5566 | Total Amount Due | | | 926.50 | 0.00 | 821.50 | 0.00 | 105.00 | |
| | | Credit Limit: | | 1 | 0.00% | 88.67% | 0.00% | 11.33% | |
| | Report Total Amount Due(LCY) | | | 926.50 | 0.00 | 821.50 | 0.00 | 105.00 | |
| | | | | | 0.00% | 88.67% | 0.00% | 11.33% | |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)_____Independent Dispatch, Inc. v. F.C. Meyers Packaging, LLC_____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this Court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☒

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division  ☒    Central Division  ☐    Western Division  ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division  ☐    Central Division  ☐    Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____Liese Gallagher Howarth_____
ADDRESS _____68 Bridge Street, Suite 207, Suffield, CT 06078_____
TELEPHONE NO. _____860-254-5434_____

(Coversheetlocal[1].wpd -5/2/05)

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
INDEPENDENT DISPATCH, INC.

### DEFENDANTS
F.C. MEYERS PACKAGING, LLC

(b) County of Residence of First Listed Plaintiff   **Multnomah, Oregon**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Essex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gallagher & Howarth, PC; 68 Bridge Street, Suite 207, Suffield, CT 06078; 860-254-5434; Liese Gallagher Howarth

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN   (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1337; 49 USC 13706 & 10743

Brief description of cause:
Failure to pay freight charges for interstate transportation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 28,486.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE   N/A   DOCKET NUMBER

DATE   04/28/2005
SIGNATURE OF ATTORNEY OF RECORD   /s/ Liese Gallagher Howarth

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____