UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INDEPENDENT DISPATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Case No.:  05 10950 RWZ |
| v. | ) | |
| | ) | |
| FC MEYER PACKAGING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT
AND COUNTERCLAIM**

The defendant, FC Meyer Packaging, llc ("FC Meyer"), by its undersigned counsel, responds to the Complaint filed by the plaintiff, Independent Dispatch, Inc., as follows:

Introduction

1.    The introduction to the plaintiff's complaint contains contentions of law and introductory material to which no response is required.  To the extent that the introduction is deemed to contain factual allegations, FC Meyer denies such allegations.

Parties

2.    FC Meyer neither admits nor denies the allegations contained in paragraph 2 because it lacks sufficient information to form a belief as to their truth.

3.    FC Meyer admits that it has a place of business in Lawrence, Massachusetts, but denies the remaining allegations contained in paragraph 3.

Jurisdiction

4.    FC Meyer neither admits nor denies the allegations contained in paragraph 4 because they state a legal conclusion as to which no response is required.

5.    FC Meyer neither admits nor denies the allegations contained in paragraph 5 because they state a legal conclusion to which no response is required.

Statement of Facts

6.    FC Meyer admits the allegations contained in the first sentence of paragraph 6. As to the allegations contained in the second sentence of paragraph 6, FC Meyer states that the rate proposal speaks for itself.  Answering further, FC Meyer states that it informed the plaintiff that it would require stable rates so that it could use those rates in quoting prices to its customers for shipments to be made through at least February 2005.

7.    As to the allegations contained in paragraph 7, FC Meyer states that the rate proposal speaks for itself.

8.    FC Meyer admits the allegations contained in paragraph 8.

9.    FC Meyer admits the allegations contained in paragraph 9 with respect to invoices reflecting the proper rates.

10.    FC Meyer denies receiving a new rate proposal prior to November 2004 and denies accepting any change in the rates it used to quote prices to its customers for shipments to be made through February 2005.

11.    FC Meyer denies receiving a new rate proposal prior to November 2004 and denies accepting any change in the rates it used to quote prices to its customers for shipments to be made through February 2005.

12.    FC Meyer denies receiving a new rate proposal prior to November 2004 and denies accepting any change in the rates it used to quote prices to its customers for shipments to be made through February 2005.  FC Meyer admits that it continued shipping in November 2004 under the prior agreed terms.

13.     FC Meyer admits that the plaintiff billed at higher, unagreed terms, and that FC Meyer disputed such invoices, while continuing to place shipments.

14.     FC Meyer denies the allegations contained in paragraph 14.

15.     FC Meyer neither admits nor denies the allegations contained in paragraph 15 because it lacks sufficient information to form a belief as to their truth.

16.     FC Meyer admits the allegations contained in paragraph 16.

17.     As to the allegations contained in paragraph 17, FC Meyer admits that it has engaged in efforts to resolve this dispute, and that it has refused to pay the incorrect invoices.

18.     FC Meyer neither admits nor denies the allegations contained in paragraph 18 because it lacks sufficient information to form a belief as to their truth.

<u>Count I</u>

19.     FC Meyer repeats and incorporates by reference its responses to paragraphs 1 through 18 above, as if fully set forth herein.

20.     FC Meyer admits the allegations contained in paragraph 20.

21.     FC Meyer neither admits nor denies the allegations contained in paragraph 21 because the allegations state a legal conclusion as to which no response is required.

22.     FC Meyer neither admits nor denies the allegations contained in paragraph 22 because the allegations state a legal conclusion as to which no response is required.

23.     FC Meyer neither admits nor denies the allegations contained in paragraph 23 because the allegations state legal conclusions as to which no response is required.

24.     FC Meyer neither admits nor denies the allegations contained in paragraph 24 because the allegations state legal conclusions as to which no response is required.

25.     FC Meyer denies the allegations contained in paragraph 25.

Count II

26.     FC Meyer repeats and incorporates by reference its responses to paragraphs 1 through 25 above, as if fully set forth herein.

27.     FC Meyer admits the allegations contained in paragraph 27.

28.     FC Meyer denies the allegations contained in paragraph 28.

29.     FC Meyer neither admits nor denies the allegations contained in paragraph 29 because the allegations state a legal conclusion as to which no response is required.

30.     FC Meyer denies the allegations contained in paragraph 30.

31.     FC Meyer neither admits nor denies the allegations contained in paragraph 31 because it lacks sufficient information to form a belief as to their truth.

32.     As to the allegations contained in paragraph 32, FC Meyer admits that the plaintiff billed at higher, unagreed terms, and that FC Meyer disputed such invoices.

33.     FC Meyer denies the allegations contained in paragraph 33.

34.     FC Meyer denies the allegations contained in paragraph 34.

35.     FC Meyer denies the allegations contained in paragraph 35.

Count III

36.     FC Meyer repeats and incorporates by reference its responses to paragraphs 1 through 35 above, as if fully set forth herein.

37.     FC Meyer denies the allegations contained in paragraph 37.

Count IV

38.     FC Meyer repeats and incorporates by reference its responses to paragraphs 1 through 37 above, as if fully set forth herein.

4

39.    FC Meyer admits that the plaintiff arranged for shipment of its products, but otherwise denies the allegations contained in paragraph 39.

40.    FC Meyer admits that the plaintiff arranged for shipment of its products, but otherwise denies the allegations contained in paragraph 40.

41.    FC Meyer denies the allegations contained in paragraph 41.

42.    FC Meyer neither admits nor denies the allegations contained in paragraph 42 because it lacks sufficient information to form a belief as to their truth.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's equitable claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claim for account stated fails to state a claim because FC Meyer has not agreed that it owes the plaintiff the amount alleged.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a cause of action under 49 U.S.C. §§ 10743 and 13706.

## COUNTERCLAIM

1.      The plaintiff-in-counterclaim, FC Meyer Packaging, llc ("FC Meyer"), complains against the defendant-in-counterclaim, Independent Dispatch, Inc. ("IDI"), as follows:

### Jurisdiction

2.      The court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

### Parties

3.      FC Meyer is a Delaware limited liability company with a place of business at 585 South Union Street, Lawrence, Massachusetts, engaged in the business of manufacturing packaging materials, boxes and other similar products.

4.      On information an belief, IDI is an Oregon corporation with a principal place of business at 214 N.E. Middlefield Road, Portland, Oregon, engaged in the business of arranging shipments of products for third-party companies via rail, truck and other forms of transportation.

5.      IDI agreed to provide services to FC Meyer during the period July 2004 to January 2005, including arranging for certain shipments of packaging products from FC Meyer's facility in Pennsylvania to locations in the western United States, including locations in California.

6.      Prior to engaging IDI, FC Meyer made clear to IDI that the nature of FC Meyer's business is seasonal and requires that it quote prices, including shipping and related fees, to FC Meyer's clients for the length of the relevant season.  FC Meyer informed IDI that it would rely on IDI's rates quoted in or around July 2004 for purposes of, in turn, quoting prices to FC Meyer's customers on shipments through at least February 2005.

7.      After engaging IDI, FC Meyer contracted with IDI to deliver shipments of packaging materials to a customer of FC Meyer located in California.

9.      At least one such shipment was misrouted by IDI to a location in Arizona.

10.     FC Meyer's customer has withheld payment in the amount of approximately $15,000 as a result of IDI's failure to deliver the product to the correct location.

11.     Furthermore, after agreeing to rates in July 2004, IDI subsequently began charging FC Meyer for services in amounts in excess of the agreed upon rates.  Such over charges included, among other things, excessive fuel charges, access fees, delay charges, and other amounts.

12.     FC Meyer promptly disputed the over charges.

13.     FC Meyer has been harmed by IDI's breaches of contact, in an amount not less than $15,000 to be determined at trial.

**WHEREFORE,** the Defendant, FC Meyer Packaging, llc, respectfully requests that the court dismiss the plaintiff's complaint in its entirety, enter judgment in FC Mayer's favor on its counterclaim, and award FC Meyer its attorneys' fees and costs of this action, and such further relief as the court deems just and proper.

Respectfully submitted,

FC MEYER PACKAGING, LLC
By Its Attorneys,

Dated: June 14, 2005                    /s/ Matthew P. Schaefer
                                        Matthew P. Schaefer
                                        (BBO #567819)
                                        BRANN & ISAACSON
                                        184 Main Street, P. O. Box 3070
                                        Lewiston, ME 04243–3070
                                        (207) 786–3566

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2005, I electronically filed the foregoing Answer to

Complaint and Counterclaim using the CM/ECF system which will send notification of such

filing to the following:

Liese Gallagher Howarth, Esq.
Gallagher & Howarth, P.C.
68 Bridge Street, Suite 207
Suffield, CT  06078
Tel. (860) 254-5434
Fax (860) 254-5430
G-H@TransportationLegal.com


/s/ Matthew P. Schaefer
Matthew P. Schaefer